UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:15-cr-00245-HEA-SPM |
| ) | |
| Justin E. Payne, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION TO SEVER COUNTS I AND II OF THE INDICTMENT**

COMES NOW Defendant, Justin Payne, by and through undersigned counsel, and in this Memorandum in Support of his Motion to Sever Counts I and II for separate trials pursuant to Federal Rule of Criminal Procedure 14, states as follows:

**I.   Introduction**

Federal Rule of Criminal Procedure 8(a), which governs the joinder of offenses, provides that "the indictment…may charge a defendant in separate counts with 2 or more offenses if the offenses charged…are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."  Fed. R. Crim. P. 8(a).  "Improper joinder under Rule 8 requires mandatory severance." *United States v. Hedman*, 630 F.2d 1184, 1200 (7th Cir. 1980).

However, even if joinder is permissible under Rule 8(a), the district court may still grant a severance if it appears the defendant is prejudiced by joinder of offenses. *United States v. Midkiff*, 614 F.3d 431, 440 (8th Cir. 2010).  Federal Rule of Criminal Procedure 14(a) provides "if the joinder of offenses…in an indictment…appears to prejudice a defendant or the

1

government, the court may order separate trials of counts…or provide any other relief that justice requires." Fed. R. Crim. P. 14.

The Indictment charges two Counts against Mr. Payne: Count I alleges he knowingly received and possessed a firearm, namely a Molotov cocktail, which was not registered to him in the National Firearms Registration and Transfer Record; and Count II alleges he intentionally caused the transmission of a program, information, code, or command to a protected computer and intentionally caused damage without authorization to a protected computer.  Facially, the two courts are of a different nature.  The two courts are separate in time, and therefore are neither part of a single transaction nor part of common plan.  Moreover, a significant portion of the evidence in this matter would be inadmissible in separate trials of each charge.  Accordingly, this Court should sever Count I and II of the Indictment to avoid prejudice and confusion of the issues, while simplifying the proceedings and furthering the interests of justice.  This would eliminate the temptation for the jury to use evidence only relevant to one count to infer a criminal disposition of propensity on the part of Mr. Payne as a basis for finding of guilt on another count.

**II.     The Court Should Sever Counts I and II because Joinder was Improper.**

The two Counts in this matter are not of the same or similar character, not based on the same act or transaction, nor are they connected with or constitute parts of a common scheme or plan.  Count I pertains to the possession of a Molotov cocktail on March 31, 2015, whereas Count II pertains to a form of computer fraud or "hacking" more than three months prior.  Furthermore, , the Indictment does not allege any sort of connection between possession of the Molotov cocktail and the computer fraud, besides the allegation that Mr. Payne committed them.  Neither of the Counts requires proving elements of the other and they do not share any elements.

They are based on entirely different facts.  The discovery provided thus far suggests only additional nexus between the two, that evidence of Count I was found pursuant to a search warrant for Count II.

Mr. Paynes situation is similar to the defendant's in *United States v. Myers*, where the court held joinder was improper even though the assault charge in count 3 allegedly occurred when the defendant was arrested for the charges contained in counts 1 and 2 of the indictment. *United States v. Myers*, 700 F. Supp. 1358, 1364-65 (D. N.J. 1988).  The court reasoned that the assault was not based on the same act or transaction as the theft in count 2.  *Id.*  The court pointed out that "[n]either [charge] requires proving elements of the other and, in fact, they are based on entirely different sets of facts." *Id*.; *see also United States v. Singh*, 261 F.3d 530, 533 (5th Cir. 2001)("Because there was no evidence that Singh's alleged possession of the gun had any connection to his housing and hiring of illegal aliens, the gun count was unrelated to the harboring count. Thus, initial joinder was not appropriate").

Therefore, pursuant to Rule 8(a), joinder was improper and this Court should order separate trials for Counts I and II.

**III.    The Court Should Sever Counts I and II because Mr. Payne will be Prejudiced.**

Even if joinder is found permissible, this Court should still grant a severance because Mr. Payne will be unfairly prejudiced if the two Counts are tried together.  For purposes of Rule 14(a), "[p]rejudice may result from a possibility that the jury might use evidence of one crime to infer guilt on the other or that the jury might cumulate the evidence to find guilt on all crimes when it would not have found guilt if the crimes were considered separately.  On the other hand, a defendant does not suffer any undue prejudice by a joint trial if the evidence is such that one crime would be probative and admissible at the defendant's separate trial of the other crime."

3

*United States v. Midkiff*, 614 F.3d 431, 440 (8th Cir. 2010) (internal quotation marks and citations omitted); *see Davis v. Coyle*, 475 F.3d 761, 777 (6th Cir. 2007)("By allowing joinder of offenses, the possibility exists that a jury may use the evidence of one of the charged crimes to infer a general criminal disposition by the defendant; the jury also may confuse or cumulate the evidence of the various crimes charges") (citation omitted).

Any evidence of a Molotov cocktail is neither relevant nor probative of Mr. Payne allegedly causing the transmission of a program, information, code, or command, and as a result causing damage to a computer. Accordingly, evidence of Count I would be inadmissible at a separate trial of Count II. Similarly, evidence that Mr. Payne caused damage to a computer through a transmission would be irrelevant and inadmissible at a separate trial of Count I.[1] The potential for prejudice here is very high because the jury might use evidence of one crime to infer guilt on the other and confuse or cumulate the evidence to find guilt on both crimes when it would not have found guilt if the Counts were tried separately. It will be very difficult for the jury to compartementalize the evidence so that evidence of one count does not spillover or taint its consideration of another count.

Furthermore, Mr. Payne would likely be prejudiced if the charges are not severed because "more hostility may be aroused in a jury toward an accused charged with multiple offenses as opposed to a single crime." *Crisafi v. United States*, 383 A.2d 1, 3 n.2 (D.C. 1978). There is a risk the jury will convict Mr. Payne based upon this hostility rather than the evidence. Because a large quantity of evidence in this case reflects upon the recent events in Ferguson, Missouri,

---

[1] As an aside, Mr. Payne's interrogation in this matter is only relevant to the allegations in Count II. At no time during the interrogation was there any discussion about any firearm or destructive device. Mr. Payne contends any statements he made should be suppressed pursuant to his Motion to Suppress, but for purposes of this Motion, the interrogation would be prejudicial if introduced in a trial of Count I.

4

there is a strong probability for hostility to arise. Such a divisive matter necessarily implicates strong political, racial, and societal beliefs. This certainly presents a danger of inflaming the passions of the jurors causing them to convict based upon hostility toward the accused rather than the evidence.

Therefore, pursuant to Rule 14(a), if these Counts are jointly tried, Mr. Payne would likely face substantial prejudice. To further the interests of justice, this Court should order separate trials for Counts I and II.

WHEREFORE, Defendant Justin Payne hereby requests that this Court issue an order to sever Counts I and II in the manner described herein, and for such other and further relief as this Court deems proper.

Respectfully submitted,

ROSENBLUM, SCHWARTZ, ROGERS & GLASS, PC

/s/ Joel J. Schwartz
JOEL J. SCHWARTZ, #39066MO
120 S. Central, Suite 130
St. Louis, Missouri  63105
Phone:  (314) 862-4332
Fax:  (314) 862-8050
jschwartz@rsrglaw.com

*Attorneys for Justin Payne*

CERTIFICATE OF SERVICE

In accordance with Rule 49(a), (b), and (d), Fed. R. Crim. P., it is hereby certified that a copy of the foregoing was electronically sent to counsel for the United States via the Court's CM/ECF system on June 24, 2015.

/s/ Joel J. Schwartz